IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSEMARY BENSON ROJAS,<br>    PLAINTIFF, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL CASE NO. 3:26-CV-38-X-BK |
| PRESTON PARKER, ET AL.,<br>    DEFENDANTS. | §<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 10. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On January 7, 2026, Rosemary Benson Rojas filed this civil action requesting that criminal charges be filed against Preston Parker, Louise Parker, the Estate of Dorothy Parker, the California Department of Social Services, and Dallas County District Judge Cheryl Lee Shannon. Doc. 3. The complaint is difficult to decipher and mostly nonsensical. As best the Court can glean, Rojas asserts her child was kidnapped from California and trafficked. Doc. 3 at 4. She pleads federal question jurisdiction and cites the Federal Kidnapping Act and the Trafficking Victims Protection Act. Doc. 3 at 3. In the *Civil Cover Sheet*, she describes the cause of action

as "habeas corpus" and "Victim Protection Act."  Doc. 3 at 6.  Rojas requests $4 million in damages.  Doc. 3 at 4.

On January 12, 2026, Rojas filed a pleading titled *Emergency Writ of Habeas Corpus* seeking the temporary assistance of the U.S. Marshal Service in the abduction and unlawful restraint of her child.  Doc. 4 at 1.  Rojas complains once more of interstate kidnapping and asks that the U.S. Marshal be ordered to remove her child from the care of Defendant Preston Parker. Doc. 4 at 2-3.  She asserts that Parker has raised her child as his own since the child was three years old.  Doc. 4 at 4.  Rojas thus requests the immediate removal of her child and the issuance of a protective order.  Doc. 4 at 4.  Along with the *Emergency Writ of Habeas Corpus* and declaration, Rojas submits over 100 pages of exhibits.  Doc. 4 at 16-138.

Upon review, this action is patently frivolous and fails to state a legally cognizable claim. Thus, it should be dismissed.

**II. ANALYSIS**

Because Plaintiff was granted leave to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of an action if the Court finds that it is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Rojas' complaint is frivolous and fails to state a claim.

To the extent that Rojas alleges criminal law violations, her complaint lacks any legal basis.  Criminal statutes do not create a private right of action.  For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).  Rojas has pleaded nothing here that would even come close to meeting that burden.  Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Further, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought.  *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam).  Thus, to the extent Rojas intends to seek mandamus relief against the state judge and the California Department of Social Services, her request lacks merit and should be dismissed with prejudice as frivolous and for failure to state a claim.  *See Santee v. Quinlan*, 115 F.3d 355, 357

(5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in the performance of their duties).

In sum, Rojas' complaint lacks any plausible legal basis and should be dismissed.

Further, to the extent that Rojas seeks habeas corpus relief, her daughter is not "in custody" for purposes of invoking the jurisdiction of this Court over her federal habeas claims, if any. *Cf. Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 515-16 (1982) (federal habeas not available to challenge state parental rights or child custody decisions). Consequently, the Court lacks subject matter jurisdiction over the *Emergency Writ of Habeas Corpus* should be dismissed without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Rojas' apparent claims are fatally infirm. Based on the most deferential review of the complaint, it is unlikely that, given the opportunity, she could allege cogent and viable legal claims. Under these circumstances, the Court can only conclude that Rojas has already pled her best case and that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Rojas' action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B), and her

*Emergency Writ of Habeas Corpus* should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on February 21, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).